IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

THOMAS J. PANICHAS,            )
                               )
         Plaintiff,            )
                               )
vs.                            )    Case No. CIV-12-1222-W
                               )
MUFFIN BULLOCK and             )
REBECCA CHAPLIN,               )
                               )
         Defendants.           )

# REPORT AND RECOMMENDATION

**I.   Plaintiff's complaint and procedural background.**

   **A.   California state and federal courts.**

Plaintiff is a prisoner in the custody of the State of California who was transferred to the North Fork Correctional Center (North Fork), a private prison owned by Corrections Corporation of America (CCA) and located within the territorial jurisdiction of the Western District of Oklahoma. Doc. 1, at 15.[1] After his transfer back from North Fork,[2] Plaintiff filed a general negligence action in California state court, alleging that on August 7, 2011, during his incarceration in Oklahoma, two North Fork guards, Defendants Muffin Bullock and Rebecca Chaplin, allowed him to be injured by other inmates. *Id.* at 12-18.

---

[1] Page citations in this report reflect this court's sequential CMECF pagination.

[2] Plaintiff was then transferred to a facility in Arizona where he remains today. Doc. 1, at 12.

Defendants removed the action to the United States District Court for the Eastern District of California. *Id.* at 1-3. Plaintiff opposed the removal, maintaining he was *not* attempting to raise a federal question and that his case "does not involve [the] Constitution, treaties or laws of the United States . . . ." Doc. 12, at 5; *see also* Doc. 18, at 2. The court, noting the parties' agreement that "plaintiff is a California resident and defendants Bullock and Chaplin are residents of Oklahoma," Doc. 19, at 2, found "the complaint is subject to removal on the basis of diversity jurisdiction . . . ." *Id.* at 4. Nonetheless, the court concurred with Plaintiff that his "allegations that defendants violated 'federal laws' and were 'deliberately indifferent,' without more, are not enough to confer federal question jurisdiction." *Id.* at n.4.

The court then considered the issue of venue on its own motion and ordered the transfer of the action to the Western District of Oklahoma for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a). *Id.* at 4-7. No party objected to that order. *See* Fed. R. Civ. P. 72(a).

**B.  Oklahoma federal court.**

When the action was filed in this Court, United States District Judge Lee R. West referred the matter for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Doc. 23, and it is now before the undersigned Magistrate Judge. The following filings by the parties and orders by the undersigned are

relevant to framing and resolving the summary judgment motion now at issue:

- Defendants answered the amended complaint, claiming Plaintiff failed to comply with certain tort claim notice requirements prescribed by the State of Oklahoma and failed to exhaust either his federal or Oklahoma administrative remedies prior to filing suit. Doc. 29, at 2-3, 7-8.

- Plaintiff filed a reply to the answer and argued there was no "federal requirement mandating" compliance with Oklahoma's tort claim notice requirements. Doc. 33, at 3.

- Defendants filed, Doc. 41, and Plaintiff responded to, Doc. 42, a motion for summary judgment grounded solely on Plaintiff's alleged failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 (PLRA). 42 U.S.C. § 1997e(a). The undersigned ordered both parties to supplement their filings to include applicable Oklahoma law with regard to administrative exhaustion, Doc. 44, noting that this is a diversity action and that "while governed by federal procedural rules, the law applicable to this case is that of the State of Oklahoma." *Id.* at 2.

- Defendants supplemented their summary judgment motion to include "applicable Oklahoma law on the requirement of notice, pleading, and exhaustion of administrative remedies," Doc. 45, at 6, arguing that "in Oklahoma, the Courts have applied tort claim notice requirements to inmates confined in privately operated prisons." *Id.* at 6-7. Defendants alleged that "Plaintiff failed to comply with the notice provisions of the Oklahoma [Governmental Tort Claims Act] before filing his present action. He presented no claim." *Id.* at 25.

- In response, Plaintiff did not deny that he failed to file the statutory notice but argued that he "cannot fathom how Oklahoma Statutes can dictate how a resident of California who filed a state civil suit in the Superior Court of Sacramento California that was transferred by Defendants request to the Federal Court [in] California and then to the Oklahoma Federal Court via a United States Magistrate." Doc. 48, at 12. Thus, Plaintiff's position remains that he is *not*

3

seeking relief under federal law. Instead, he argues for the application of California law, concluding that "[j]urisdiction is at issue before this Honorable Court. Plaintiff['s] cause of action should have remained in the state courts of California. For Plaintiff is and always was a resident of the State of California and is a ward of the State of California." *Id.* at 13.

* * *

Following a careful consideration of the pleadings, briefs, and applicable law, the undersigned recommends that summary judgment be entered for the Defendants as a result of Plaintiff's failure to comply with the requisite notice provisions of Okla. Stat. tit. 57, § 566.4(B)(2) before filing suit.

## II. Analysis.

### A. Standard of review.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). And, while the court liberally construes a pro se plaintiff's complaint, he must adhere to the same rules of procedure that are binding on all litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by

4

a pro se plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court has determined that

> the plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Oklahoma law applies.

"[W]here a case is transferred from one forum to another under 28 U.S.C. § 1404(a), as here, then the transferee court must follow the choice of law rules of the transferor court." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 635-37 (1964)). Nonetheless, "where the case has been transferred but the transferor court lacked personal jurisdiction over the defendant(s), then the transferee's choice of law rules apply." *Id.* Thus, this Court must first consider whether the California federal court had personal jurisdiction over the two Oklahoma defendants.

"In diversity cases, federal courts have in personam jurisdiction as permitted by state law, consistent with the Fourteenth Amendment's due

5

process requirement." *Id.* "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). In California, then, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"For general jurisdiction to exist over . . . nonresident defendant[s] such as [these two Oklahoma prison guards], the defendant[s] must engage in 'continuous and systematic business contacts'" in California. *Id.* (quoting *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Applying this test, there is nothing in this case to suggest California's general personal jurisdiction over the Oklahoma Defendant prison guards. And, in order for a California court to attain specific jurisdiction, the two Defendant prison guards must, in part, have "purposefully availed [themselves] of the privilege of conducting activities in California, or purposefully directed [their] activities toward California" through the alleged commission of an intentional act that is expressly aimed at California and which causes harm that

6

Defendants knew would likely be suffered in California. *Id.* at 802-03. Plaintiff asserts nothing in his complaint or subsequent filings to suggest that the Defendant prison guards intentionally directed their actions at California. "[I]t is the defendant's contacts with the forum state that are of interest in determining whether personal jurisdiction exists, not its contacts with a resident of the forum." *Trujillo v. Williams*, 465 F.3d 1210, 1220 (10th Cir. 2006) (quotation and brackets omitted); *Weldon v. Ramsted-Hvass*, 512 F. App'x 783, 787-89 (10th Cir. 2013). In the absence of any showing by Plaintiff that the California court had personal jurisdiction over the two Defendant prison guards, Oklahoma, and not California, choice-of-law rules apply. *See Trierweiler*, 90 F.3d at 1532.

For choice-of-law determinations in tort cases, "Oklahoma applies the law of the state having 'the most significant relationship to the occurrence and the parties' in tort disputes." *Hambelton v. Canal Ins. Co.,* 405 F. App'x 335, 337 (10th Cir. 2010) (quoting *Hightower v. Kan. City S. Ry. Co.*, 70 P.3d 835, 842 (Okla. 2003)). Then, to decide which state – California or Oklahoma – has the greater significant relationship, "Oklahoma courts consider four 'place' factors: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) each party's . . . residence . . . and (4) where the relationship . . . between the parties occurred." *Id.* (citing *Brickner v. Gooden,* 525 P.2d 637 (Okla. 1974). On

7

application of these factors, Oklahoma unquestionably has the greater significant relationship – it is the place where Plaintiff's injury occurred; the place where the alleged conduct by the Defendant guards caused Plaintiff's injury; the residence of two of the three parties; and the place where the relationship between Plaintiff and the Defendant guards occurred – and its substantive law governs in this tort action.

    **C.    Plaintiff was required to give written notice of his claim.**

    **1.    Oklahoma law.**

The law of the State of Oklahoma provides as follows:

> No tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent or servant, until all of the notice provisions of the Governmental Tort Claims Act have been fully complied with by the claimant. This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract.

Okla. Stat. tit. 57, § 566.4(B)(2). The Governmental Tort Claims Act spells out the specifics of the notice requirements, providing in part that notice of a claim must be in writing, Okla. Stat. tit. 51, § 156(C), (D), (E), and that notice must be "presented within one (1) year after the loss occurs." *Id.* at § 156(B). Under

8

Oklahoma law, these notice requirements are fully applicable to "cases[s] seeking tort damages against CCA and its employees" and are "a mandatory prerequisite to [a plaintiff's] filing of his claim for tort damages." *Burghart v. Corr. Corp. of Am.*, 224 P.3d 1278, 1282 (Okla. Civ. App. 2009).

### 2. Plaintiff failed to give the requisite notice.

Plaintiff does not deny his failure to comply, substantially or otherwise, with the requisite notice provisions.[3] Rather, during the course of this litigation, Plaintiff has voiced various reasons why he was not required to do so.

Plaintiff first addressed the issue in response, Doc. 33, to Defendants' answer, Doc. 29, at 2-3, ¶ 9, to his amended complaint, Doc. 1, Ex. B, at 13, ¶ 9. In his amended complaint, Plaintiff completed ¶ 9 of the California personal injury form which called for him to indicate compliance with "a claims statute" or to state why he should be excused from complying. *Id*. Contending that he was excused, Plaintiff stated that "[t]he defendants in this cause of action are employed by a stock corporation with headquarters in Nashville Tennessee. No State of California entities or persons are involved." *Id*. Thus, Plaintiff was aware of the obligation to satisfy the requirements of a claims statute but, despite the fact that he was suing two Oklahoma prison employees for wrongs

---

[3] Nor does the undersigned's review of the record reveal any such compliance.

they allegedly committed against him in Oklahoma, took the position that he was somehow excused from compliance with *any* claims statute because he was not suing a "California entit[y]." *Id.* When Defendants answered the amended complaint, they denied Plaintiff's allegation that he was not required to comply with a claims statute, referencing the requirements of Okla. Stat. tit. 57, § 566.4(B)(2). Doc. 29, at 2-3, ¶ 9. Plaintiff responded, this time arguing "that there is no such *federal* requirement mandating [him] to first comply with the Oklahoma Tort Claims Act." Doc. 33, at 3, ¶ 9 (emphasis added).

Then, when Defendants supplemented their summary judgment motion and asserted Plaintiff's failure to file a written notice of his claim against these private prison employees in compliance with § 566.4(B)(2), Doc. 45, at 21-25, Plaintiff maintained "he has no access in any manner at the prison he is housed at to properly research and challenge defendants on th[is issue]."[4] Doc. 48, at 11. He pointed to his inability to "Shepardize the Statute[] against past and new decisions from the Oklahoma State Appellate Courts, or the Federal Appellate Courts of the 10th Circuit Or from the United States Supreme Court." *Id.* He expressed his incredulity that "Oklahoma Statutes can dictate how a

---

[4] Plaintiff combines certain arguments relating to the statutory notice requirement with those pertaining to administrative exhaustion. This report does not address the exhaustion of administrative remedies or Plaintiff's arguments relevant to administrative exhaustion.

resident of California who filed a state civil suit in the Superior Court of Sacramento California that was transferred by Defendant[s'] request to the Federal Court [in] California and then to the Oklahoma Federal Court via a United States Magistrate." *Id.* at 12. He complained that "[a]ccording to Defendant[s'] theory, every CCA employee can assault any California prisoner at any CCA prison in Oklahoma and not be sued at all in any Oklahoma State or Federal Court." *Id.* Finally, in his conclusion, Plaintiff contends he has no access to Oklahoma State Appellate decisions . . . [n]or full access to 10th Circuit decisions *on this particular subject matter.*" *Id.* at 13 (emphasis added). According to Plaintiff, his "cause of action should have remained in the state courts of California." *Id.*

Despite Plaintiff's preference for a California state court, any California court, state or federal, would have to confront its lack of personal jurisdiction over these Oklahoma Defendants. *See supra* § II.B. And, contrary to his conclusory, unsupported claim, Plaintiff was not in any manner barred under "Defendant[s'] theory" from seeking tort damages in an Oklahoma court. Doc. 48, at 12. He simply chose not to do so, deciding instead to sue in California without regard to his ability to properly maintain suit against these non-resident Defendants pursuant to the law of the State of California, *see supra* § II.B, and to the substantive law that would govern his claims for damages for

11

an assault by two Oklahoma prison guards in an Oklahoma prison.[5]

Plaintiff neither denies his failure to comply with the notice requirements of Okla. Stat. tit. 57, § 566.4(B)(2) nor has he demonstrated the existence of a disputed material fact as to this "mandatory prerequisite to . . . his claim for tort damages." *Burghart*, 224 P.3d at 1282. Consequently, Defendants are entitled to summary judgment under the substantive law of the State of Oklahoma.

## IV.  Recommendation and notice of right to object.

For these reasons, the undersigned recommends that Defendants Bullock and Chaplin's motion for summary judgment, Docs. 41, 45, be granted.

The parties are advised of their right to object to this Report and Recommendation by January 9, 2014, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United*

---

[5] In this regard, the undersigned notes that Plaintiff's California personal injury form complaint required him to analyze if (1) he was filing in the proper court by questioning whether at least one defendant lived in the court's jurisdictional area; (2) a defendant corporation had its principal place of business in the court's jurisdictional area; or (3) injury to person occurred within it jurisdictional area. Doc. 1, at 13. Nonetheless, despite this focus on whether the Defendants resided and the injury occurred in the court's jurisdictional area, in the very next portion of the form regarding compliance with a claims statute, Plaintiff, in essence, disavowed any connection by a Defendant to California. *Id.*

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this case.

IT IS SO ORDERED this 20th day of December, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE