IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA



FEB 1 2 2014

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _Yuh_____ DEPUTY

THOMAS J. PANICHAS, )
)
Plaintiff, )
)
vs. )                            No. CIV-12-1222-W
)
MUFFIN BULLOCK and REBECCA )
CHAPLIN, )
)
Defendants. )

## ORDER

On December 20, 2013, United States Magistrate Judge Suzanne Mitchell issued
a Report and Recommendation in this matter and recommended that the Motion for
Summary Judgment, see Doc. 41, filed and supplemented, see Doc. 45, by defendants
Muffin Bullock and Rebecca Chaplin be granted. Plaintiff Thomas J. Panichas, proceeding
pro se, was advised of his right to object to the Report and Recommendation, see Doc. 50
at 12, and the matter now comes before the Court on Panichas' Objections to the
Magistrate Judge's Report and Recommendation.[1] See Doc. 54.

Upon de novo review of the record, the Court concurs with Magistrate Judge
Mitchell's disposition of the pending motion. Panichas' case, as he has asserted, "does
not involve [the] Constitution, treaties or laws of the United States . . . ." Doc. 12 at 5, ¶ 16;
e.g., Doc. 18 at 2. It is instead a negligence action grounded on state law, see Doc. 12 at
5; e.g., Doc. 18 at 2, against two residents of the State of Oklahoma who are employees

---

[1]On February 10, 2014, the Court granted Panichas until March 3, 2014, to file his
objections, if any, to the Report and Recommendation. See Doc. 53. Having now received and
reviewed Panichas' written objections, the Court finds it need not delay further its review of the
Magistrate Judge's findings and conclusions.

of Corrections Corporation of America at North Fork Correctional Facility, in Sayre,

Oklahoma. See Doc. 34 at 2.

Oklahoma law provides that

[n]o tort action or civil claim may be filed against any employee . . . of [a] . . . private correctional company . . . alleging acts related to the duties of the employee . . . , until all of the notice provisions of the Governmental Tort Claims Act ("GTCA")[2] have been fully complied with by the claimant. . . .[3]

57 O.S. § 566.4(B)(2).[4]

The record is clear that Panichas did not comply with GTCA's notice requirements,

e.g., 51 O.S. § 156, expressly incorporated in section 566.4(B)(2), and Panichas has not

asserted any persuasive reason that would excuse his failure to do so.

---

[2]Under the GTCA, a covered entity is "liable for loss resulting . . . from the torts of its employees acting within the scope of their employment . . . ." 51 O.S. § 153(A). When the claim against an employee is based upon acts that were wholly outside the scope of her employment, GTCA and its notice requirements do not apply. E.g., Pellegrino v. State ex rel. Cameron University, 63 P.3d 535, 537 (Okla. 2003).

Section 566.4(B)(2) does not restrict its application to "employees acting within the scope of their employment." Rather, it refers to tort actions and other civil claims based upon "acts related to the duties of the employee[.]" 57 O.S. § 566.4(B)(2)(emphasis deleted).

While Panichas has characterized the defendants' actions as "unprofessional, irresponsible and unethical," Doc. 1-2 at 18, ¶ 5, and in his opinion, "criminal," id. at 17, ¶ 4, he has not argued in his submissions to the Court that the notice requirements of the GTCA as incorporated in section 566.4(B)(2) do not apply because the defendants' acts were not related to their duties as guards. Cf. Lampkin v. Little, 286 F.3d 1206 (Okla. 2002)(in certain instances, a finding that defendant committed particular acts in bad faith would not preclude a finding that he acted within scope of employment). Rather, Panichas has contended that the GTCA, as a "grievance procedure," Doc. 54 at 2, was not available to him.

[3]See Burghart v. Corrections Corporation of America, 224 P.3d 1278 (Okla. App. 2009).

[4]To the extent that Panichas has argued that compliance with section 566.4(B)(2) or the notice provisions of the GTCA runs afoul of, or is in conflict with, the Prison Litigation Reform Act ("PLRA") of 1995 or has argued "that there is no . . . federal requirement mandating . . . [such] compl[iance] . . . ," Doc. 33 at 3, ¶ 8; e.g., id. at 5, ¶ 17, the Court finds such argument is without merit and/or misplaced. This action is grounded on state law, and the PLRA by its terms is applicable only to actions "brought with respect to prison conditions under [title 42,] section 1983 [of the United States Code] . . . or any other Federal law[.]" 42 U.S.C. § 1997e(a).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 50] issued on December 20, 2013;

(2) GRANTS the defendants' Motion for Summary Judgment [Doc. 41] filed on April 1, 2013, and supplemented on May 20, 2013;[5] and

(3) to the extent that compliance with GTCA's notice provisions as expressly incorporated in section 566.4(B)(2) is jurisdictional, DISMISSES Panichas' claims against Bullock and Chaplin.

ENTERED this _12th_ day of February, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[5]The Supplement to Motion for Summary Judgment [Doc. 45] filed on May 20, 2013, by the defendants was improperly filed as a Motion to Supplement Motion for Summary Judgment.

3